**Rene COCHISE, Appellant**

v.

**Kenneth Lee SALAZAR, Secretary, Department of the Interior, Appellee.**

**No. 09–5115.**

United States Court of Appeals, District of Columbia Circuit.

May 24, 2010.

Rehearing En Banc Denied July 21, 2010.

Frazer Walton, Jr., Esquire, Law Office of Frazer Walton, Jr., Washington, DC, for Appellant.

Christian A. Natiello, Assistant U.S., R. Craig Lawrence, U.S. Attorney's Office, Washington, DC, for Appellee.

Before: HENDERSON, ROGERS, and GARLAND, Circuit Judges.

## JUDGMENT

PER CURIAM.

This appeal from a judgment of the United States District Court for the Dis-

trict of Columbia was presented to the court and briefed and argued by counsel. The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.CIR. RULE 36(d). It is

**ORDERED** and **ADJUDGED** that the judgment of the district court be affirmed.

Title VII prohibits the federal government from retaliating against one of its employees for engaging in action protected by Title VII. 42 U.S.C. § 2000e–3(a); *Steele v. Schafer*, 535 F.3d 689, 695 (D.C.Cir.2008). In order to make out a retaliation claim, a "plaintiff must show that a reasonable employee would have found the challenged action materially adverse, 'which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Burlington Northern and Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006) (quoting *Rochon v. Gonzales*, 438 F.3d 1211, 1219 (D.C.Cir.2006)). Cochise points to four events as instances of actionable retaliation. Viewing the evidence in the light most favorable to Cochise, *Malik v. District of Columbia*, 574 F.3d 781, 783 n. 1 (D.C.Cir.2009), we agree with the district court that none of these incidents—which plaintiff herself characterized as "slights" at oral argument—constitutes a materially adverse employment action.

The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* FED. R.APP. P. 41(B); D.C.CIR. RULE 41.